IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

PT (PERSERO) MERPATI NUSANTARA AIRLINES
Jalan. Angkasa Block B-15
Kav 2-3
Jakarta 10720
Indonesia

    Plaintiff,

v.

THIRDSTONE AIRCRAFT LEASING GROUP, INC.
1924 N Street, N.W.
Washington, D.C. 20036

  Serve: Mayor of the District of Columbia
       c/o Corporation Section
       DCRA
       941 N. Capitol Street, N.E.
       Washington, DC 20002

and

ALAN MESSNER
1721 Galloway Circle
Inverness, IL 60010

    Defendants.

Case: 1:07-cv-00717
Assigned To : Leon, Richard J.
Assign. Date : 4/20/2007
Description: PT(PERSERO)MERPATI NUSANTARA A/LINES V THIRDSTONE A/CRFT., ETAL

## COMPLAINT

COMES NOW Plaintiff, PT (Persero) Merpati Nusantara Airlines (herein after referred to as "Merpati") and for its Complaint against the Defendants Thirdstone Aircraft Leasing Group, Inc. (hereinafter referred to as "Thirdstone") and Alan Messner (hereinafter referred to as "Messner") states as follows:

-1-

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that the Plaintiff and the Defendants are citizens of different states and the amount of controversy is in excess of $75,000.00 exclusive of costs and interest.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that the Defendants have been conducting business relevant to this action within this District and many of the acts alleged to have been taken by Defendants occurred within this District.

## PARTIES

3. Plaintiff Merpati is an airline company located the in country of Indonesia.

4. Defendant Thirdstone Aircraft Leasing Group, Inc. is a Delaware corporation engaged in the business of leasing commercial aircraft. At all times relevant to this Complaint, Thirdstone maintained an office in the District of Columbia.

5. Defendant Alan Messner is the Chief Executive Officer of Thirdstone and the recipient of the funds deposited by Merpati with counsel for Thirdstone.

## FACTUAL BACKGROUND

6. During the summer of 2006, Merpati entered into negotiations with Thirdstone concerning leasing two commercial aircraft. One aircraft was a B737-500 (manufacturer's serial number 24898) and the second aircraft was a B737-400 (manufacturer's serial number 23869).

7. Merpati and Thirdstone entered into a lease agreement, dated December 20, 2006

for the B737-500 aircraft.

8. The Lease Agreement between Merpati and Thirdstone for the B737-500 required that Thirdstone deliver the aircraft by January 5, 2007. The Lease Agreement also provided for a thirty day extension of the delivery date. The extended delivery date was February 4, 2007.

9. Thirdstone and Merpati entered into an agreement to lease the B737-400 aircraft on December 18, 2006. The delivery date for the aircraft was March 20, 2007.

10. In order to proceed with leasing the respective aircraft, Thirdstone required Merpati to deposit with it $500,000.00 as a security deposit for each aircraft, for a total security deposit of $1,000,000.

11. On or about December 15, 2006, Thirdstone designated the law firm of Hume & Associates as the entity that would receive and maintain the security deposit from Merpati. Thirdstone instructed Hume & Associates that the security deposit funds received from Merpati were to be used solely to secure the two aircraft on behalf of Merpati and were to be distributed only to Bristol Aircraft upon instruction of Thirdstone.

12. On or about December 20, 2006, Merpati wired the amount of $1,000,000.00 to Hume & Associates to serve as security deposits of $500,000.00 for each aircraft.

13. On December 20, 2006, Jon C. Cooper, Chief Operating Officer of Thirdstone, and an attorney with Hume & Associates, certified that Hume & Associates, PC received the $1 million security deposit from Merpati.

14. On or about December 27, 2006, Hume & Associates transferred the

$1,000,000.00 security deposit of Merpati to Messner at the request of Messner.

15. The extended delivery date of February 4, 2007 for the B737-500 has passed and Thirdstone has not delivered the required aircraft.

16. The delivery date of the March 20, 2007 for the B737-400 aircraft has passed and Thirdstone has not delivered the required aircraft.

17. The Lease Agreement for the B737-500 required Thirdstone to return the security deposit to Merpati if Thirdstone did not produce the required aircraft by the extended delivery date.

18. The agreement to lease the B737-400 required Thirdstone to return the security deposit to Merpati if it did not produce the required aircraft by the delivery date.

19. Merpati has made repeated demands to Thirdstone and Messner that the security deposits for both aircraft be returned.

20. To this date Thirdstone has refused to return either security deposit to Merpati.

## COUNT I
### (Breach of Contract - B737-500)

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-20 above as if they were set forth herein.

22. Merpati and Thirdstone entered into a Lease Agreement for a B737-500 aircraft.

23. Thirdstone was required to deliver the B737-500 aircraft no later than February 4, 2007. Thirdstone did not deliver the B737-500 aircraft as required by the Lease Agreement.

24. On December 21 2006, Merpati transferred $500,000 to Hume & Associates,

Thirdstone's attorneys, as a security deposit for the aircraft.

25. The Lease Agreement provides that in the event that Thirdstone did not produce the required aircraft that Thirdstone would return to Merpati its $500,000.00 security deposit. Thirdstone did not produce the required B737-500 aircraft by February 4, 2007 and has not produced said aircraft to this date.

26. Merpati has demanded that Thirdstone return to it the security deposit of $500,000.00.

27. Thirdstone has refused to return the security deposit to this date. As a result of this breach Merpati has been damaged in an amount not less than $500,000.00.

## COUNT II
### (Breach of Contract - B737-400)

28. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-27 above as if they were set forth herein.

29. Merpati and Thirdstone entered into an Agreement on or about December 18, 2006 to lease a B737-400 aircraft.

30. Thirdstone was required to deliver the B737-400 aircraft no later than March 20, 2007. Thirdstone did not deliver the B737-400 aircraft as required by the Agreement.

31. On December 21 2006, Merpati transferred $500,000 to Hume & Associates, Thirdstone's attorneys, as a security deposit for the aircraft.

32. The Agreement provides that in the event that Thirdstone did not produce the required aircraft, Thirdstone would return to Merpati its $500,000.00 security

33. deposit. Thirdstone did not produce the required B737-400 aircraft by March 20, 2007 and has not produced said aircraft to this date.

33. Merpati has demanded that Thirdstone return to it the security deposit of $500,000.00.

34. Thirdstone has refused to return the security deposit to this date. As a result of this breach Merpati has been damaged in an amount not less than $500,000.00.

## COUNT III
### (Conversion - Messner)

35. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-34 above, as if they were set forth herein.

36. On or about December 27, 2006, Messner requested that Hume & Associates transfer to him the $1 million security deposit paid by Merpati.

37. On or about December 27, 2006 Hume & Associates transferred thew $1 million security deposit to Messner without the knowledge or consent of Merpati.

38. Thirdstone has breached its contractual obligations to produce two aircraft and has refused to return the security deposits to Merpati.

39. Merpati has demanded that Messner return the security deposits and he has refused to do so.

40. Messner wrongfully and intentionally converted funds from Merpati's security deposit to his own use for his benefit with the intention of permanently depriving Merpati from those funds.

41.. To this date, Messner continues to exercise dominion over the property of Merpati without its consent and is using Merpati's property as his own.

42. Messner has refused to communicate with Merpati and identify where the security deposit funds are being held.

43. Messner's intentional conversion of Merpati's funds for his own purposes and refusal to refund the funds has deprived Merpati of its right to own and use its funds.

44. Upon information and belief, Thirdstone is not registered to do business in the District of Columbia.

45. Merpati has been damaged by Messner's wrongful conversion of the funds Merpati provided as a security deposit at a minimum in the amount of $1,000,000.00.

## COUNT IV
### (Conversion - Thirdstone)

46. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-35 above, as if they were set forth herein.

47. On or about December 27, 2006, Messner requested that Hume & Associates transfer to him the $1 million security deposit paid by Merpati.

48. On or about December 27, 2006 Hume & Associates transferred thew $1 million security deposit to Messner without the knowledge or consent of Merpati.

49. Thirdstone has breached its contractual obligations to produce two aircraft and has refused to return the security deposits to Merpati.

50. Merpati has demanded that Thirdstone and Messner return the security deposits and they have refused to do so.

51. Thirdstone wrongfully and intentionally converted funds from Merpati's security deposit to his own use for his benefit with the intention of permanently depriving Merpati from those funds.

52.. To this date, Thirdstone continues to exercise dominion over the property of Merpati without its consent and is using Merpati's property as its own.

53. Thirdstone has refused to communicate with Merpati and identify where the security deposit funds are being held.

54. Thirdstone's intentional conversion of Merpati's funds for his own purposes and refusal to refund the funds has deprived Merpati of its right to own and use its funds.

55. Merpati has been damaged by Thirdstone's wrongful conversion of the funds Merpati provided as a security deposit at a minimum in the amount of $1,000,000.00.

WHEREFORE Plaintiff PT (Persero) Merpati Nusantara Airlines respectfully request that this Court grant it the following relief:

1. Enter judgment in its favor and against Thirdstone Aircraft Leasing Group and Alan Messner, jointly and severally, for compensatory damages in the amount of $1,000,000.00;

2. Award it costs and expenses incurred during the formulation of the Agreement on

the B737-500 aircraft;

3. Award it both pre judgment and post judgment interest as appropriate; and,

4. Grant it such other and further relief as this Court deems just and proper.

Respectfully Submitted,

PT (Persero) Merpati Nusantara Airlines
By Counsel

BEAN, KINNEY & KORMAN, P.C.

By: /s/ Philip M. Keating
Philip M. Keating, Esquire (DC Bar No. 384726)
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
Phone: 703-525-4000
Facsimile: 703-525-2207

# CIVIL COVER SHEET

S-44
Rev.1/05 DC

## I (a) PLAINTIFFS
PT (Persero) Merpati Nusantara Airlines

## DEFENDANTS
Thirdstone Aircraft Leasing Group, Inc. and Alan Messner

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Indonesia

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Philip M. Keating, Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
703-525-4000

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

☐ **A. Antitrust**
☐ 410 Antitrust

☐ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☒ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☒ M. *Contract* | ☐ N. *Three-Judge Court* |
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting & Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
This is a breach of contract action with related tort claims filed pursuant to the diversity jurisdiction of this Court.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $** $1,000,000.00   Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 4/19/07   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.