IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PT (PERSERO) MERPATI NUSANTARA AIRLINES <br><br> Plaintiff, <br> v. <br><br> THIRDSTONE AIRCRAFT LEASING GROUP, INC. <br><br> and <br><br> ALAN MESSNER <br><br> Defendants. | Civil Case No. 1:07-cv-00717 RJL |

MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST
DEFENDANTS THIRDSTONE AIRCRAFT LEASING GROUP, INC.
AND ALAN MESSNER

PT (Persero) Merpati Nusantara Airlines ("Merpati"), through its undersigned counsel, Philip M. Keating, Bean, Kinney & Korman, P.C., pursuant to Fed. Civ. P. 55(b), files this Revised Motion for Entry of Default Judgment. Plaintiff refers the Court to the accompanying Revised Memorandum of Points and Authorities and Affidavit of Damages, in support hereof.

WHEREFORE, Merpati requests entry of a default judgment against Thirdstone Aircraft Leasing Group, Inc. and Alan Messner in the amount set forth in the accompanying Affidavits and proposed order of judgment.

Respectfully Submitted,

BEAN, KINNEY & KORMAN, P.C.

By: /s/ Philip M. Keating
    Philip M. Keating, Esquire (DC Bar No. 384726)
    2300 Wilson Boulevard, 7th Floor
    Arlington, Virginia 22201
    Phone: 703-525-4000
    Facsimile: 703-525-2207

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by first class mail, postage pre-paid, this 7th day of June 2007 to:

>Alan Messner
>1721 Galloway Circle
>Inverness, IL 60010

>Thirdstone Aircraft Leasing Group, Inc.
>1924 N Street, N.W.
>Washington, DC 20036

/s/ Philip M. Keating
Philip M. Keating

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PT (PERSERO) MERPATI NUSANTARA AIRLINES<br><br>    Plaintiff,<br><br>v.<br><br>THIRDSTONE AIRCRAFT LEASING GROUP, INC.<br><br>and<br><br>ALAN MESSNER<br><br>    Defendants. | Civil Case No.1: 07-cv-00717 RJL |

**REVISED MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST
DEFENDANTS THIRDSTONE AIRCRAFT LEASING GROUP
AND ALAN MESSNER**

    Pt (Persero) Merpati Nusantara Airlines ("Merpati"), through its undersigned counsel, Philip M. Keating, Bean, Kinney & Korman, P.C., pursuant to Fed. Civ. P. 55(b), in support of its Revised Motion for Entry of Default Judgment against Defendants Thirdstone Aircraft Leasing, Group, Inc. and Alan Messner, states:

    1.    Merpati filed this action on April 20, 2007.

    2.    Merpati effected service upon Defendant Thirdstone Aircraft Leasing Group, Inc. ("Thirdstone") on April 24, 2007 as reflected on the Affidavit of Service previously filed.

    3.    Defendant has failed to plead, the time therefore having expired.

    4.    A default was entered against Thirdstone on May 25, 2007.

    5.    Merpati is entitled to entry of a default judgment against Thirdstone.

6. Merpati effected service upon Defendant Alan Messner ("Messner") on April 26, 2007 as reflected on the Affidavit of Service previously filed.

7. Defendant has failed to plead, the time therefore having expired.

8.. A default was entered against Messner on June 5, 2007.

9. Merpati is entitled to entry of a default judgment against Messner.

<u>Nature of Suit and Suitability for Entry of Judgment on Affidavit</u>

10. This is a suit for liquidated sums due to Merpati. Counts I and II allege breach of contract arising out of agreements to lease aircraft pursuant to which Defendant Thirdstone is liable to Merpati. Both agreements involved the lease of a commercial aircraft and provided for the return of a security deposit if the planes were not delivered by a specified date. The sum owed by Thirdstone under each agreement is $500,000.00 for a total of $1,000,000.00 as detailed in the accompanying Affidavit.

11. In the alternative, Count IV of Plaintiff's Complaint alleges the tort of conversion against Thirdstone and seeks $1,000,000.00 in damages. This Count is a separate ground of liability, but the $1,000,000.00 in damages is the same $1,000,000.00 that is alleged in $500,000.00 increments in Counts I and II of the Complaint.

12. Count III of the Complaint is a conversion count against Messner and seeks $1,000,000.00 in damages.

13. As alleged in Count I of the Complaint, the agreement between Merpati and Thirdstone for the lease of a B737-500 aircraft provided that if Thirdstone did not produce the aircraft by February 4, 2007, Thirdstone would return a $500,000.00 security deposit to Merpati. Thirdstone did not produce the aircraft and has not

returned the security deposit.

14. As alleged in Count II of the Complaint, the agreement between Merpati and Thirdstone for the lease of a B737-400 aircraft provided that if Thirdstone did not produce the aircraft by March 20, 2007, Thirdstone would return a $500,000.00 security deposit to Merpati. Thirdstone did not produce the aircraft and has not returned the security deposit.

15. As alleged in Count IV of the Complaint, Thirdstone has refused to return the security deposits totaling $1,000,000.00 to Merpati despite a legal obligation to do so. On or about December 27, 2006, Thirdstone transferred the security deposits totaling $1,000,00.00 out of the escrow account of its law firm and converted the funds to its own use with the intention of permanently depriving Merpati of those funds.

16. As alleged in Count III of the Complaint, Thirdstone has refused to return the security deposits totaling $1,000,000.00 to Merpati despite a legal obligation to do so. On or about December 27, 2006, Thirdstone transferred the security deposits totaling $1,000,000.00 out of the escrow account of its law firm. The funds were transferred to Messner at Messner's request. Messner has converted the security deposit funds to his own use with the intention of permanently depriving Merpati of those funds.

17. Fed. R. Civ. P. 55(b) provides for entry of a money judgment under these circumstances.

WHEREFORE, Merpati. requests entry of a default judgment against Defendants Thirdstone Aircraft Leasing Group, Inc, and Alan Messner as set forth in the accompanying Affidavits and proposed order of judgment.

                                            Respectfully Submitted,

                                            PT (Persero) Merpati Nusantara Airlines
                                            By Counsel

BEAN, KINNEY & KORMAN, P.C.

By: /s/ Philip M. Keating
    Philip M. Keating, Esquire (DC Bar No. 384726)
    2300 Wilson Boulevard, 7th Floor
    Arlington, Virginia 22201
    Phone: 703-525-4000
    Facsimile: 703-525-2207

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by first class mail, postage pre-paid, this 7st day of June 2007, to:

>Alan Messner
>1721 Galloway Circle
>Inverness, IL 60010
>
>Thirdstone Aircraft Leasing Group, Inc.
>1924 N Street, N.W.
>Washington, DC 20036

>/s/ Philip M. Keating
>Philip M. Keating



IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

PT (PERSERO) MERPATI NUSANTARA AIRLINES

    Plaintiff,

v.

THIRDSTONE AIRCRAFT LEASING GROUP, INC.

and

ALAN MESSNER

    Defendants.

Civil Case No. 07cv717

## AFFIDAVIT REFLECTING DAMAGES

1. I am the President of PT (Persero) Merpati Nusantara Airlines ("Merpati").

2. I am an adult, have personal knowledge of the matters stated herein, and am otherwise competent to make this Affidavit.

3. The complaint filed herein accurately reflects the debt owed by Defendant Thirdstone Aircraft Leasing Group, Inc. ("Thirdstone") under the two agreements to lease aircraft referenced in the Complaint. I will recite herein the precise sums owed under each agreement.

**Count I of Complaint - B737-500.**

4. Merpati and Thirdstone entered into an agreement for Merpati to lease a Boeing B737-500 under which the last date for delivery to Merpati was February 4, 2007.

5. Merpati paid a $500,000.00 security deposit to Thirdstone on December 20, 2006.

6. The security deposit was paid to an account of Thirdstone's law firm, Hume & Associates.

7. The agreement for the lease of the B737-500 provided that Thirdstone shall return the security deposit to Merpati if the plane were not delivered by the agreed upon date.

8. The agreement further provides that Thirdstone shall return the security deposit with interest plus Merpati's costs and expense during formulation of the transaction.

9. The agreement further provides that in the event of a suit to enforce the Agreement, "any party against whom judgment is awarded will be liable for all reasonable costs and expenses, including reasonable attorney's fees incurred in the preparation, prosecution and appeal of such suit for enforcement and damages."

10. Thirdstone has not delivered the B737-500 and has not returned the security deposit.

11. There is a default under the agreement for the lease of the B737-500.

12. Through May 29, 2007, Thirdstone owes Merpati the $500,000.00 security deposit

Accordingly, Merpati requests judgment against Thirdstone in the sum of $500,00.00, plus post judgment interest.

### Count II of Complaint - B737-400.

10. Merpati and Thirdstone entered into an agreement for Merpati to lease a Boeing B737-400 under which the last date for delivery to Merpati was March 20, 2007.

11. Merpati paid a $500,000.00 security deposit to Thirdstone on December 20, 2006.

12. The security deposit was paid to an account of Thirdstone's law firm, Hume & Associates.

13. The agreement for the lease of the B737-400 provided that Thirdstone shall return the security deposit to Merpati if the plane were not delivered by the agreed upon date.

14. Thirdstone has not delivered the B737-400 and has not returned the security deposit.

15. There is a default under the agreement for the lease of the B737-400.

16. Through May 29, 2007, Thirdstone owes Merpati $500,000.00.

Accordingly, Merpati. requests judgment against Thirdstone in the sum of $ 500,000.00 Third and The Last post judgment interest.

### Count IV of Complaint - Conversion

17. On December 20, 2006, Merpati paid a security deposit of $1,000,000.00 to Thirdstone to secure the lease of two aircraft.

18. Despite its failure to deliver the aircraft by the time provided in the respective agreements, Thirdstone has refused to return the security deposits to Merpati.

19. Thirdstone has wrongfully and intentionally converted funds from Merpati's security deposit for its own benefit with the intention of permanently depriving Merpati from those funds.

20. Through May 29, 2007, Thirdstone owes Merpati $1,000,000.00.

Accordingly, Merpati. requests judgment against Thirdstone in the sum of US$1, 000,000.00, plus post judgment interest.

I SWEAR AND AFFIRM under the penalty of perjury, that the foregoing is true and accurate, to the best of my knowledge, information and belief.

By:

[signature]

Name: Hotasi Nababan
Title: President, Director PT (Persero) Merpati Nusantara Airlines
Dated: 29 May 2007

Number: 05/Reg/05/2007
Registered in my office in a book of registration specially made for its purpose ------------

Bekasi, May 29th, 2007
Notary Public in Bekasi

(Nurhasanah, SH, MKn)



IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

PT (PERSERO) MERPATI NUSANTARA AIRLINES

    Plaintiff,

v.

THIRDSTONE AIRCRAFT LEASING GROUP, INC.

and

ALAN MESSNER

    Defendants.

Civil Case No. 07cv717

## AFFIDAVIT REFLECTING DAMAGES

1. I am the President of PT (Persero) Merpati Nusantara Airlines ("Merpati").

2. I have am an adult, have personal knowledge of the matters stated herein, and am otherwise competent to make this Affidavit.

3. The complaint filed herein accurately reflects the debt owed by Defendant Alan Messner ("Messner") under the two aircraft lease agreements referenced in the Complaint. I will recite herein the precise sums owed under each agreement.

**Count III of Complaint.**

4. Merpati and Thirdstone entered into an agreement for Merpati to lease a Boeing B737-500 under which the last date for delivery to Merpati was February 4, 2007.

5. Merpati paid a $500,000 security deposit to Thirdstone on December 20, 2006.

6. The security deposit was paid to an account of Thirdstone's law firm, Hume & Associates.

7. The agreement for the lease of the B737-500 provided that Thirdstone shall return the security deposit to Merpati if the plane were not delivered by the agreed upon date.

8. Thirdstone has not delivered the B737-500 and has not returned the security deposit.

Second and The Last Page 

9. Merpati and Thirdstone entered into an agreement for Merpati to lease a Boeing B737-400 under which the last date for delivery to Merpati was March 20, 2007.

10. Merpati paid a $500,000.00 security deposit to Thirdstone on December 20, 2006.

11. The security deposit was paid to an account of Thirdstone's law firm, Hume & Associates.

12. The agreement for the lease of the B737-400 provided that Thirdstone shall return the security deposit to Merpati if the plane were not delivered by the agreed upon date.

13. Thirdstone has not delivered the B737-400 and has not returned the security deposit.

14. On or about December 27, 2006, Messner requested that the $1,000,000.00 combined security deposit paid by Merpati be transferred by the law firm of Hume & Associates to him.

15. On or about December 27, 2006, the law firm of Hume & Associates transferred the $1,000,000 combined security deposit paid by Merpati to Messner.

16. Messner has not returned the $1,000,000.00 combined security deposit to Merpati and has refused to do so.

17. As of May 30, 2007, Messner owes $1,000,000.00 to Merpati.

Accordingly, Merpati. requests judgment against Messner in the sum of $1,000,000.00, plus post judgment interest.

I SWEAR AND AFFIRM under the penalty of perjury, that the foregoing is true and accurate, to the best of my knowledge, information and belief.

By: *[signature]*

Name : Hotasi Nabahan
Title : President, Director PT (Persero) Merpati Nusantara Airlines
Dated : 29 Mei 2007

Number: 04/Reg/05/2007
Registered in my office in a book of registration specially made for its purpose --------

Bekasi, May 29th 2007
Notary Public in Bekasi

*[signature]*
(Nurhasanah, SH, MKn)

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PT (PERSERO) MERPATI NUSANTARA AIRLINES<br>　　　Plaintiff, | |
| THIRDSTONE AIRCRAFT LEASING GROUP, INC. | Civil Case No. 1:07-cv-00717 RJL |
| and | |
| ALAN MESSNER<br>　　　Defendants. | |

**JUDGMENT BY DEFAULT PURSUANT TO RULE 55 (b)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

　　　It appears from the record in the above-entitled action that an Order of Default for want of answer or other defense was made on May 25, 2007, as to Defendant Thirdstone Aircraft Leasing Group, Inc, for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure; and it appears that said Defendant was properly served on April 24, 2007.  It further appears from the record in the above-entitled action that an Order of Default for want of answer or other defense was made on June 5, 2007, as to Defendant Alan Messner for failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure; and it appears that said Defendant was properly served on April 26, 2007.

　　　It further appears from the record in the above-entitled action that Plaintiff is entitled to Judgment against Defendant Thirdstone pursuant to Count I of the Complaint in the amount of $500,000.00 and pursuant to Count II of the Complaint in the amount of $500,000.00 for breach of contract. In the alternative, Plaintiff is entitled to Judgment against Defendant Thirdstone in the amount of $1,000.000.00 pursuant to Count IV of the Complaint for conversion. Plaintiff is entitled to Judgment against Defendant Messner in the amount of $1,000.000.00 pursuant to Count III of the Complaint for conversion.

Therefore, it is this _____ day of June, 2007, by the United States District Court for the District of Columbia,

**ORDERED AND ADJUDGED,** that Judgment by Default be and the same is entered in favor of Plaintiff against Defendants Thirdstone Aircraft Leasing Group, Inc. and Alan Messner, jointly and severally, in the amount of $1,000,000.00 plus post judgment interest.

_____
UNITED STATES DISTRICT JUDGE

DATED: _____