UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 9 – 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PT (PERSERO) MERPATI NUSANTARA  )
    AIRLINES )
)
    Plaintiff, )
)
v. ) Civil Case No. 1:07-cv-00717
)
THIRDSTONE AIRCRAFT LEASING )
    GROUP, INC., *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(July ___, 2007) [#12]

Plaintiff, PT (Persero) Merpati Nusantara Airlines ("Merpati") brought this action against defendants, Thirdstone Aircraft Leasing Group, Inc. ("Thirdstone") and Alan Messner for alleged breach of contract, or, in the alternative, for conversion, arising out of agreements to lease commercial aircraft. Before the Court is plaintiff's Motion for Entry of Default Judgment against defendants. As plaintiff has satisfied jurisdictional and procedural requirements for this judgment, the Court GRANTS plaintiff's motion for default judgment.

## ANALYSIS

Plaintiff filed the complaint in this matter on April 20, 2007. Defendants were duly served on April 24, 2007 and April 26, 2007, but have failed to make a responsive pleading. As a result, the Clerk of the Court entered its default against defendant Thirdstone on May 25, 2007 and against defendant Messner on June 5, 2007. Plaintiff now moves this Court to



enter a default judgment against defendants pursuant to Federal Rule of Civil Procedure 55(b)(2).

A court is empowered to enter a default judgment against a defendant who fails to defend its case. *Flynn v. Jocanz, Inc.*, 480 F. Supp. 2d 218, 220 (D.D.C. 2007); *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 (D.C. Cir. 1980). Rule 55(b)(2) authorizes the Court to enter a default judgment for the amount claimed plus costs. While modern courts do not favor default judgments, they are certainly available "when the adversary process has been halted because of an essentially unresponsive party." *Int'l Painters & Allied Trade Indus. Pension Fund v. Newburgh Glass & Glazing, LLC*, 468 F. Supp. 2d 215, 217 (D.D.C. 2007); *Jackson v. Beech*, 636 F.2d 831, 836-36 (D.C. Cir. 1980).

A default judgment establishes the defaulting party's liability for every well-plead allegation in the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). A default judgment, however, does not automatically establish liability in the amount claimed by the plaintiff. *Shepherd v. Am. Broad. Cos.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). "[U]nless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded. *Adkins*, 180 F. Supp. 2d at 17; *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (noting that the court may conduct a hearing on the issue of damages pursuant to Federal Rule of Civil Procedure 55(b)(2), but

need not conduct such a hearing if there is a "basis for the damages specified in the default judgment").

In this case, plaintiff seeks liquidated damages in the amount of $1,000,000.00. (Pl.'s Default J. Mem. ¶¶ 10-12.) In support of this figure, plaintiff has submitted affidavits from Hotasi Nababan, President and Director of Mertapi (Pl.'s Exs. A&B), setting forth with specificity the calculations used to reach this amount. The damage figure provided by plaintiff reflects the aggregate of the unreturned security deposits paid to defendant Thirdstone at an account owned by Thirdstone's law firm, Hume & Associates. (Nabahan Decl. ¶¶ 4-16.) The payments were made pursuant to agreements for plaintiff to lease two commercial aircraft from defendant to be delivered on February 4, 2007 and March 20, 2007, respectively. (*Id.* ¶¶ 4-16.) The agreements specified that Thirdstone would return the security deposits to plaintiff if the aircraft were not delivered by the agreed-upon dates. (*Id.* ¶¶ 7, 12.) However, the aircraft were not delivered nor were the security deposits returned. (*Id.* ¶¶ 8, 13.) On or about December 27, 2006, pursuant to a request from defendant Messner, the $1,000,000.00 in security deposits were transferred by Hume & Associates to him. (*Id.* ¶¶ 14-15.) Messner has not returned the funds to Merpati in accordance with the terms of the lease agreements. (*Id.* ¶ 16.)

Accordingly, based upon these affidavits, and the entire record herein, the Court agrees with the damage calculations submitted by plaintiff. Accordingly, the Court concludes that plaintiff is entitled to judgment against defendants, jointly and severally, in

the amount of $1,000,000.00, plus post-judgment interest at the rates established by statute until judgment is satisfied. An appropriate Order consistent with this ruling accompanies this Memorandum Opinion.

*[signature]*
**RICHARD J. LEON**
**United States District Judge**
