IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PT (PERSERO) MERPATI NUSANTARA AIRLINES** | &#124; |
|     Plaintiff, | &#124; |
| | &#124; |
| | &#124; Civil Case No. 1:07-cv-00717 |
| v. | &#124; |
| | &#124; |
| **THIRDSTONE AIRCRAFT LEASING GROUP, INC.,** | &#124; |
| *et al.* | &#124; |
| | &#124; |
|     **Defendants** | &#124; |
| | &#124; |

**EMERGENCY MOTION TO COMPEL ATTENDANCE AT DEPOSITION**

    **COMES NOW,** Plaintiff PT (Persero) Merpati Nusantara Airlines ("Plaintiff"), and respectfully moves this honorable Court to compel the attendance of Jon Cooper ("Cooper"), a non-party witness, to attend a deposition scheduled for September 27, 2007 at 10:00 a.m. and in support thereof states the following:

1. The instant litigation arose out of a contract between Plaintiff and Defendant Thirdstone Aircraft Leasing Group, Inc. ("Thirdstone") for the lease of Boeing 737-500 and a Boeing 737-400 airplanes. Defendant Alan Messner was at all relevant times the Chief Executive Officer of Thirdstone.

2. Plaintiff filed a Complaint alleging that Defendants misappropriated a security deposit of One Million Dollars paid by Plaintiff to Defendants for the lease of the aircraft.

3. Plaintiff never received either aircraft from Defendants and to date, has not received a refund of the security deposit.

4. On July 8, 2007, the Court granted Plaintiff's motion for default judgment against

   Defendants.

5.  The amount of the judgment is for One Million Dollars ($1,000,000.00) plus post judgment interest.

6.  On information and belief, Cooper was, at all relevant times in the above-listed matter, the Chief Operating Officer of Thirdstone and an individual with control over and access to the funds at issue in the litigation.

7.  In an effort to enforce the judgment and to locate the missing One Million Dollars ($1,000,000.00), on August 31, 2007, Plaintiff, via counsel, issued a subpoena on Cooper individually and as an officer of Defendant Thirdstone, to appear at a deposition on September 27, 2007 at 10:00 a.m.

8.  A copy of the subpoena was delivered to Cooper's counsel, via facsimile, for Cooper on August 30, 2007.

9.  Plaintiff's counsel included with the facsimile a letter to Cooper's counsel indicating a willingness to consider other reasonable dates and times for the deposition.

10.  Efforts at service of the subpoena on Mr. Cooper occurred on or about September 5, 2007

11.  On or about September 11, 2007, Cooper's counsel agreed to accept service on behalf of Cooper individually.

12.  Plaintiff attempted to serve Cooper, as an officer of Defendant Thirdstone, with a subpoena.

13.  On or about September 21, 2007, Cooper's counsel advised Plaintiff's counsel that September 26th was a tentative date that Cooper could appear for a deposition.

14.  Cooper's counsel contacted Plaintiff's counsel on September 24, 2007 and stated that he would accept service of the Thirdstone subpoena on behalf of Cooper as an officer of

        Thirdstone. Counsel confirmed that the deposition would occur on September 26, 2007. At Cooper's counsel's request, the deposition was also scheduled to occur at 9:00 a.m. instead of 10:00 a.m.

15. On September 25, 2007, Plaintiff's counsel informed Cooper's counsel that a Complaint was being filed with the Court against Cooper, his employer and the agent responsible for the security deposit, Hume & Associates, P.C., and Cooper's former colleague, Robert Hume.

16. On September 25, 2007, Cooper's counsel expressed concern that Cooper would be subject to multiple depositions as a result of the Complaint that was being filed against Cooper.

17. On September 25, 2007, at 8:57 p.m., Cooper's counsel telephoned Plaintiff's counsel and advised that Cooper would not be appearing for the deposition.

18. Cooper did not move to quash the subpoena or file for a protective order in accordance with the Federal Rules.

19. Cooper's concern is premature given that he has not attended a deposition.

20. Plaintiff was unable to cancel the services of a court reporter without incurring cancellation fees.

21. On information and belief, Cooper is scheduled to leave the country on September 29, 2007 and is not scheduled to return until mid-November.

22. Given the amount of the judgment and the fact that it arises from the disappearance of a One Million Dollar ($1,000,000.00) security deposit, time os of the essence and Cooper's testimony is critical to Plaintiff's ability to locate the missing funds and enforce its judgment.

23. Plaintiff will be unfairly prejudiced if it is unable to depose Cooper this week.

24. Cooper's actions are in violation of Fed. R. Civ. Proc. 45 and he should be compelled to present testimony on the originally scheduled date of September 27, 2007 at 10:00 a.m. or in the alternative, at some alternative reasonable time and place before he leaves the United States.

**WHEREFORE,** for the reasons listed above and in the accompanying Memorandum of Points and Authorities in support of the Emergency Motion to Compel Attendance at Mediation, Plaintiff respectfully requests 1) that Jon Cooper be compelled to attend his deposition on September 27, 2007 at 10:00 a.m. or in the alternative on a reasonable date; 2) that Cooper pay all reasonable costs incurred due to his failure to attend the September 26, 2007; and 3) that Cooper pay attorneys fees associated with the filing of this motion.

Respectfully Submitted,

PT (Persero) Merpati Nusantara Airlines
By Counsel

BEAN, KINNEY & KORMAN, P.C.

By: _____/S/ Philip M. Keating_____
Philip M. Keating, Esquire (DC Bar No. 384726)
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
Phone: 703-525-4000
Facsimile: 703-525-2207

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the EMERGENCY MOTION TO COMPEL ATTENDANCE AT DEPOSITION was served by electronic mail this 26th day of September 2007 to:

      Geoffrey T. Hervey
      Bregman, Berbert, Schwartz & Gilday, LLC
      7315 Wisconsin Avenue, Suite 800 West
      Bethesda, MD 20814

                                /s/ Philip M. Keating
                                Philip M. Keating

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PT (PERSERO) MERPATI NUSANTARA AIRLINES | |
|     Plaintiff, | |
| | Civil Case No. 1:07-cv-00717 |
| v. | |
| THIRDSTONE AIRCRAFT LEASING GROUP, INC., *et al.* | |
|     Defendants | |

### MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ATTENDANCE AT MEDIATION

1.     Fed. R. Civ. Proc. 45
2.     Fed. R. Civ. Proc. 30.

    **WHEREFORE,** Plaintiff respectfully requests 1) that Jon Cooper be compelled to attend his deposition on September 27, 2007 at 10:00 a.m. or in the alternative on a reasonable date; 2 ) that Cooper pay all reasonable costs incurred due to his failure to attend the September 26, 2007 deposition; and 3) that Cooper pay attorneys fees associated with the filing of this motion.

                                  Respectfully Submitted,

                                  PT (Persero) Merpati Nusantara Airlines
                                  By Counsel

BEAN, KINNEY & KORMAN, P.C.

By:       /s/ Philip M. Keating
Philip M. Keating, Esquire (DC Bar No. 384726)
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
Phone: 703-525-4000
Facsimile: 703-525-2207

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ATTENDANCE AT MEDIATION was served by electronic mail this 26th day of September 2007, to:

> Geoffrey T. Hervey
> Bregman, Berbert, Schwartz & Gilday, LLC
> 7315 Wisconsin Avenue, Suite 800 West
> Bethesda, MD 20814

> /s/ Philip M. Keating
> Philip M. Keating

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

PT (PERSERO) MERPATI NUSANTARA AIRLINES |
    Plaintiff, |
| Civil Case No. 1:07-cv-00717
v. |
|
THIRDSTONE AIRCRAFT LEASING GROUP, INC., |
*et al.* |
|
    Defendants |
|

## ORDER

Upon consideration of Plaintiff's Emergency Motion to Compel Attendance at Mediation, it is this 26th day of September, 2007, hereby

**ORDERED** that the motion is GRANTED; and it is

**FURTHER ORDERED** that Jon Cooper attend a deposition in the above-listed matter on September _____, 2007 at _____ a.m.; and it is

**FURTHER ORDERED** that Mr. Cooper pay all costs associated with his failure to attend the September 26, 2007 deposition, including the costs incurred by Plaintiff for the filing of the Emergency Motion to Compel Attendance at Deposition.

**SO ORDERED.**

_____
                       **JUDGE RICHARD LEON**

Copies to:

    Philip M. Keating, Esq.
    Bean, Kinney & Korman, P.C.
    2300 Wilson Blvd., 7th Floor
    Arlington, VA 22201

    Geoffrey T. Hervey
    Bregman, Berbert, Schwartz & Gilday, LLC
    7315 Wisconsin Avenue, Suite 800 West
    Bethesda, MD 20814