**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

**PT (PERSERO) MERPATI**                        :
     **NUSANTARA AIRLINES,**                  :
                                              :
        **Plaintiff,**                           :
                                              :
**vs.**                                         : **Civil No. 1:07-cv-00717**
                                              : **RJL**
**THIRDSTONE AIRCRAFT LEASING**                 :
     **GROUP, INC.,**                         :
                                              :
        **Defendants.**                          :
_____:

**OPPOSITION OF NON-PARTY WITNESS, JON COOPER,
TO EMERGENCY MOTION TO COMPEL ATTENDANCE AT DEPOSITION**

      Non-party witness, Jon C. Cooper, Ph.D. ("Dr. Cooper"), by and through

undersigned counsel, hereby opposes the Emergency Motion to Compel Attendance at

Deposition ("Motion to Compel") filed by the Plaintiff in this action, PT (Persero)

Merpati Nusantara Airlines ("Merpati").

      As explained below, Dr. Cooper, through counsel, has cooperated with Merpati's

counsel to date, has produced documents in response to Merpati's Subpoena, has always

advised Merpati's counsel that he is not immediately available for a deposition, and has

assured Merpati's counsel that he will be available for a deposition when he returns from

an international business trip.  In addition, Merpati has not demonstrated that it will be

prejudiced by any delay in completing Dr. Cooper's deposition, while Dr. Cooper will

suffer undue burden by having to appear at this time.  Moreover, because Merpati has just

filed a suit against Dr. Cooper, Dr. Cooper now faces the prospect of having to appear,

unfairly, for multiple depositions on the same subject matter.  For these reasons, as explained more fully below, Merpati's Motion to Compel should be denied.

I.     **FACTS**

While Merpati has obtained a judgment against the defendants in the instant case, Thirdstone Aircraft Leasing Group, Inc. ("Thirdstone") and Thirdstone's CEO, Alan Messner ("Mr. Messner"), Dr. Cooper is not a party to this action, and Merpati does not have a judgment against Dr. Cooper.

In attempting to collect on its judgment, Merpati issued a Subpoena to Dr. Cooper for documents and to secure his attendance at a deposition.  Notably, Dr. Cooper and his counsel have actively cooperated with Merpati's counsel.  In that regard, undersigned counsel traveled to the offices of Merpati's counsel on September 13 and met with counsel for approximately 90 minutes.  At that time, counsel explained what he understood Dr. Cooper would say at a deposition.  Counsel also informed Merpati's counsel that, because of the intervening Jewish holidays, and because of Dr. Cooper's plans to travel to Africa on business, he could not appear for a deposition until he returned from his travel overseas.  Undersigned counsel agreed to see what he could do to make Dr. Cooper available before he left for Africa, but he made no promises in that regard.

Thereafter, on September 21, 2007, in response to Merpati's Subpoena, Dr. Cooper, through counsel, produced 349 organized and numbered pages of documents to Merpati's counsel.

Part of Dr. Cooper's goal in having his counsel work with Merpati's counsel was to pursue potential settlement negotiations and avoid (or at least delay) the potential filing

of a suit by Merpati against Dr. Cooper.  Because Dr. Cooper was an officer of

Thirdstone, Merpati's counsel had indicated that a suit against Dr. Cooper was possible.

Through his discussions with Merpati's counsel, Dr. Cooper's counsel understood that

Dr. Cooper's inability to attend a deposition before the end of September would likely

result in the prompt filing of a suit against him, and undersigned counsel was urged to

secure Dr. Cooper's attendance earlier to avoid such a result.

       The reason that appearing sooner would result in a burden on Dr. Cooper is that

his schedule has included meetings with international financiers and businessmen,

government officials, and securing the necessary records, immunizations, and clearances

required for a trip to Africa, as well as his observance of the Jewish holidays of Rosh

Hashanah, Yom Kippur, and Sukkoth.  Dr. Cooper is leaving the country early in the

morning on Saturday, September 29, and is extremely pressed for time, day and night.

Nevertheless, Dr. Cooper agreed to make an effort to be available before he left, and on

September 24 he decided to forgo certain business meetings related to his trip in order to

be available for several hours on September 26.  Dr. Cooper agreed to make himself

available at the urging of counsel for Merpati, who intimated that Merpati would most

likely instruct them to take action against Dr. Cooper otherwise.  Undersigned counsel

interpreted this to mean that Merpati would file suit against Dr. Cooper immediately if he

did not appear before he left the country, and therefore Dr. Cooper most reluctantly made

arrangements to appear, although he would endure hardships as a result.

       Nevertheless, on the afternoon of September 25, the afternoon before Dr. Cooper

was to appear for the deposition, Merpati's counsel called undersigned counsel and

advised that Merpati had filed a lawsuit in this Court against Dr. Cooper, styled *PT*

*(Persero) Merpati Nusantara Airlines v. Hume & Associates, P.C., Jon C. Cooper, and Robert Hume*, Civil Number 1:07-cv-01701-PLF (the "Merpati v. Hume Suit"). In fact, the lawsuit had been filed the day before, on September 24, 2007. (A copy of the Complaint in that action is attached hereto.)

The Merpati v. Hume Suit involves the same transactions and facts at issue in the instant lawsuit.

During the call from Merpati's counsel, undersigned counsel stated that the filing of the Merpati v. Hume Suit rendered the Subpoena objectionable because Dr. Cooper thus faced the likelihood of being deposed at least twice – once in response to Merpati's Subpoena in this action and again in discovery in the Merpati v. Hume Suit, on the exact same subject matter. Moreover, because the new Merpati v. Hume Suit involves other defendants, Dr. Cooper will most likely be questioned by those defendants, and therefore any agreement or order limiting Merpati's questions in a second deposition would not prevent Dr. Cooper from being deposed and/or questioned by those other defendants in the new Merpati v. Hume Suit on the same subject matter. In addition, counsel explained, the object of avoiding a lawsuit by appearing now, at great hardship, had obviously been defeated.

Therefore, undersigned counsel advised Merpati's counsel during their discussion on the afternoon of September 25 that, under the circumstances, Dr. Cooper should only appear for only one deposition once the new Merpati v. Hume suit is underway, which would be after Dr. Cooper returns from his travels. As soon as undersigned counsel was able to confer with Dr. Cooper, which was not until almost 9:00 p.m. on September 25, counsel called Merpati's counsel and advised that Dr. Cooper would appear for one

deposition for use in both the instant case and in the new Merpati v. Hume case when he returns from his international travels. A copy of undersigned counsel's letter to Merpati's counsel in this regard is attached.

## II.  ARGUMENT

A.    Merpati's Motion to Compel must be denied for the following reasons:

1.  Dr. Cooper will appear when he returns. Dr. Cooper has never refused to appear for a deposition; he has merely said that appearing before he returns from travel will work undue hardship on him. Because counsel were working cooperatively on the issue, a motion to quash would have been an unnecessary use of the Court's resources.[1] Dr. Cooper will appear for a deposition when he returns from his travels. Dr. Cooper's counsel has consistently advised Merpati's counsel that Dr. Cooper is not available at this time for his deposition and that appearing at this time would work a hardship on him. Dr. Cooper's unavailability is not a surprise, and he has not refused to appear when he is available.

2.  Dr. Cooper has produced documents. Dr. Cooper has already complied with the Subpoena by producing documents (349 pages).

3.  Dr. Cooper now faces multiple depositions by Merpati. Dr. Cooper has just been named in a new Merpati v. Hume Suit, which arises out of the exact same subject matter and transactions involved in the instant case. Dr. Cooper therefore faces the likelihood being deposed by Merpati twice on the same subject matter. Even if Merpati agrees not to cover the same subject matter in two depositions, policing such an agreement will be

---

[1]  In addition, as noted, undersigned counsel worked cooperatively with Merpati's counsel regarding Dr. Cooper's availability. The fact that Dr. Cooper did not file a motion to quash is not grounds for compelling his immediate attendance. *See Jones v. Prince George's County, MD.*, 2002 U.S. Dist. Lexis 27321 (D.D.C. 2002) (non-party witness, acting in good faith, including through cooperation among counsel, did not waive Rule 45 objections).

difficult. Moreover, any such agreement would not apply to the other defendants that Merpati has named in the Merpati v. Hume Suit, who can be expected to cover the same subject matter Merpati covers, with the additional and unfair benefit of the transcript of the earlier deposition by Merpati.

4. <u>Unfairness</u>. Subjecting Dr. Cooper to multiple depositions is unnecessary and unfair, and it would require Dr. Cooper to expend additional attorney fees to prepare for and defend two depositions while unfairly giving Merpati two bites at the apple.

5. <u>No prejudice to Merpati</u>. Merpati has not demonstrated how it would be prejudiced by waiting to take Dr. Cooper's deposition. Dr. Cooper is not a judgment debtor in this case, and he is not subject to collection activities. Moreover, he not a flight risk; he is a member of a District of Columbia law firm, and he lives in the District of Columbia. He will return and testify at a deposition. In addition, Dr. Cooper has produced documents responsive to the Subpoena, and his counsel has informally advised Merpati's counsel of what Dr. Cooper would say at a deposition. Merpati has not explained why it must immediately have that same information under oath from Dr. Cooper in order to pursue the judgment against Thirdstone and Mr. Messner.

6. <u>Dr. Cooper will be prejudiced</u>. Fed R. Civ. P. 45(c) provides, in part: "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty . . .." As explained to counsel for Merpati, appearing for a deposition now, while Dr. Cooper is preparing to travel out of the country, would work a hardship on Dr. Cooper. "The question is not whether the subpoenas were issued in 'good faith.' Rather, the issue is

whether issuance of the subpoenas violated the duty imposed by Rule 45(c)(1) . . .. A subpoena may be issued in 'good faith' but still may be improper if the party serving the subpoena has failed to 'take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena.'" *Liberty Mut. Ins. Co. v. Diamante*, 194 F.R.D. 20, 23 (D. Mass. 2000).

Dr. Cooper cannot appear for a deposition now because of the numerous meetings that he must complete as part of the business transaction that will take him to Africa, and he must complete the governmental paperwork and medical exams and shots he needs for that trip. He is scheduled to leave early on Saturday morning, September 29, and he will be involved in observing Sukkoth in the evening. Canceling or postponing any of those activities now could jeopardize his business venture and potentially his ability to travel.

In addition, now that the Merpati v. Hume suit has been filed, requiring Dr. Cooper to appear for a deposition in response to the Subpoena issued in this case and again during discovery in the new case will unfairly subject him to undue burden and expense.

7.   Dr. Cooper has been cooperative.  Dr. Cooper's counsel has worked cooperatively with Merpati's counsel, and intends to continue doing so.

B.    The Motion to Compel Should be Denied.

For these reasons, Dr. Cooper respectfully submits that the Motion to Compel is without merit and that it must be denied. Merpati's request for attorney fees and expenses should also be denied, as neither Dr. Cooper nor his counsel has engaged in conduct that would warrant such an award.

C.     <u>Dr. Cooper Should Only be Required to Appear at One Deposition.</u>

Dr. Cooper should not be required to attend more than one deposition arising out of the Thirdstone/Merpati transaction, which is the subject of the instant lawsuit as well as the new Merpati v. Hume Suit filed against Dr. Cooper.  Instead, the Court should order that Dr. Cooper testify only one time, for both actions, which Dr. Cooper can do when he returns and when the new Merpati v. Hume case is underway.[2]

## III.     CONCLUSION

For all of these reasons, the Court should deny all of the relief requested in the Motion to Compel, and it should further order that Dr. Cooper need only appear for one deposition for use in both the instant case (pursuant to Merpati's Subpoena) and in discovery in the new Merpati v. Hume.

Respectfully submitted,

BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC


By:     _____/s/_____
        Geoffrey T. Hervey, # 415907
        7315 Wisconsin Avenue, Suite 800 West
        Bethesda, Maryland 20814
        301-656-2707 phone
        301-961-6525 fax
        ghervey@bregmanlaw.com
        Counsel for Jon C. Cooper, Ph.D.

---

[2]   Should the Court be inclined to compel Dr. Cooper to appear for a deposition at this time and remain available for a deposition again during discovery of the new suit, Dr. Cooper requests that Merpati be prohibited from asking Dr. Cooper questions at a second deposition that cover the same subject matter covered during the first deposition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **PT (PERSERO) MERPATI** | : |
| **NUSANTARA AIRLINES,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **vs.** | : **Civil No. 1:07-cv-00717** |
| | : **RJL** |
| **THIRDSTONE AIRCRAFT LEASING** | : |
| **GROUP, INC.,** | : |
| | : |
| **Defendants.** | : |

_____:

**CERTIFICATE OF SERVICE OF
OPPOSITION OF NON-PARTY WITNESS, JON COOPER,
TO EMERGENCY MOTION TO COMPEL ATTENDANCE AT DEPOSITION**

I HEREBY CERTIFY that a copy of the foregoing Opposition of Non-Party

Witness, Jon Cooper, to Emergency Motion to Compel Attendance at Deposition, and the

attachments thereto, was served by e-mail on September 26, 2007, on:

> Philip M. Keating, Esquire pkeating@beankinney.com
> James Schroll, Esquire jschroll@beankinney.com
> Juanita Ferguson, Esquire jfergusson@beankinney.com
> Bean Kinney & Korman, P.C.
> 2300 Wilson Boulevard, 7th Floor
> Arlington, Virginia 22201

> _____/s/_____
> Geoffrey T. Hervey, # 415907
> Bregman, Berbert, Schwartz & Gilday, LLC
> 7315 Wisconsin Avenue, Suite 800 West
> Bethesda, Maryland 20814
> 301-656-2707 phone
> 301-961-6525 fax
> ghervey@bregmanlaw.com
> Counsel for Jon C. Cooper, Ph.D.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PT (PERSERO) MERPATI NUSANTARA AIRLINES,** | : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| **vs.** | : **Civil No. 1:07-cv-00717** <br> : **RJL** |
| **THIRDSTONE AIRCRAFT LEASING GROUP, INC.,** | : <br> : <br> : |
| **Defendants.** | : <br> : |

**ORDER DENYING
EMERGENCY MOTION TO COMPEL ATTENDANCE AT DEPOSITION**

Upon consideration of the Emergency Motion to Compel Attendance at Deposition ("Motion to Compel") filed by the Plaintiff in this action, PT (Persero) Merpati Nusantara Airlines ("Merpati"), to compel the immediate attendance of Jon Cooper at a deposition, and the Opposition thereto, it is this _____ day of _____, 2007,

ORDERED, that the Motion to Compel should be and hereby is DENIED; and it is further

ORDERED, that Jon C. Cooper need only appear for one deposition for use both in responding to the Subpoena issued to him by Merpati in the instant case and in

discovery in the new action filed by Merpati in this case, styled *PT (Persero) Merpati*

*Nusantara Airlines v. Hume & Associates, P.C., Jon C. Cooper, and Robert Hume.*


_____

United States District Court Judge


Copies to:

Philip M. Keating, Esquire pkeating@beankinney.com
James Schroll, Esquire jschroll@beankinney.com
Juanita Ferguson, Esquire jfergusson@beankinney.com
Bean Kinney & Korman, P.C.
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201

Geoffrey T. Hervey, Esquire ghervey@bregmanlaw.com
Bregman, Berbert, Schwartz & Gilday, LLC
7315 Wisconsin Avenue, Suite 800 West
Bethesda, Maryland 20814

**FILED**

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

SEP 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PT (PERSERO) MERPATI NUSANTARA AIRLINES |
JALAN. ANGKASA BLOCK B-15
KAV 2-3
JAKARTA 10720
INDONESIA

  PLAINTIFF,

v.

            CASE NO._____

HUME & ASSOCIATES, P.C.
1924 N STREET, N.W.
WASHINGTON, D.C . 20036

  SERVE: REGISTERED AGENT
     JON C. COOPER
     1924 N STREET, NW
AND

JON C. COOPER, INDIVIDUALLY
1924 N STREET, N.W.
WASHINGTON, D.C . 20036

Case: 1:07-cv-01701
Assigned To : Friedman, Paul L.
Assign. Date : 9/24/2007
Description: Contract

AND

3109 18TH STREET,  N.W.
WASHINGTON, D.C. 20010

AND
2810 ADAMS MILL RD, N.W.
WASHINGTON, D.C. 20009

AND

ROBERT HUME
11711 NE YOMALT POINT DRIVE
UNIT D
BAINBRIDGE ISLAND, WASHINGTON 98110-3933

  DEFENDANTS.

-1-

BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201

1

## COMPLAINT

Comes Now Plaintiff, Pt (Persero) Merpati Nusantara Airlines (hereinafter referred to as "Merpati") and for its Complaint against Hume & Associates, P.C. ("Hume & Associates"), Robert Hume ("Hume"), and Jon C. Cooper ("Cooper") (collectively "Defendants") states as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that Plaintiff and Defendants are citizens of different states and the amount of controversy is in excess of $75,000.00, exclusive of costs and interest.

2.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that Defendants have been conducting business relevant to this action within this District and many of the acts alleged to have been taken by Defendants occurred within this District.

## PARTIES

3.    Merpati is an airline company located in the country of Indonesia.

4.    Hume & Associates is a District of Columbia professional corporation engaged in the practice of law. At all times relevant to this Complaint, Hume & Associates maintained an office in the District of Columbia.

5.    Non-Defendant Thirdstone Aircraft Leasing Group, Inc. ("Thirdstone") is a Delaware corporation engaged in the business of leasing commercial aircraft. At all times relevant to this Complaint, Thirdstone maintained an office in the District of Columbia. Thirdstone is a judgment debtor pursuant to a judgment entered by this

Court on July 8, 2007 in Case No. 1:07-CV-00717.

6.      On information and belief, Hume is a resident of the state of Washington, was a stockholder of Thirdstone and the President of Hume & Associates at all times relevant to this Complaint, regularly conducted business in the District of Columbia, and is believed to have received all or a portion of the funds at issue in this cause of action.

7.      Cooper is a District of Columbia resident, was the Secretary of Thirdstone and an attorney with Hume & Associates at all times relevant to this Complaint, regularly conducted business in the District of Columbia and is believed to have received all or a portion of the funds at issue in this cause of action.

8.      Non-Defendant Alan Messner ("Messner") was the Chief Executive Officer of Thirdstone at all relevant times to this Complaint and is a judgment debtor pursuant to a judgment entered by this Court against Messner on July 8, 2007 in Case No. 1:07-CV-00717.

## FACTUAL BACKGROUND

9.      During the summer of 2006, Merpati entered into negotiations with Thirdstone for the purpose of leasing two commercial aircraft; a Boeing 737-500, manufacturer's serial number 24898 ("B737-500") and a Boeing 737-400, manufacturer's serial number 23869 ("B737-400").

10.     Throughout the negotiations, Hume & Associates, Hume, and Cooper acted as counsel for Thirdstone and/or Merpati.

11.     On December 18, 2006 Merpati and Thirdstone entered into a Lease of Aircraft for

-3-

the B737-500 ("B737-500 Lease").

12.    The B737-500 Lease required that Thirdstone deliver the aircraft to Merpati by January 5, 2007. The B737-500 Lease also provided for a thirty day extension of the delivery date. The extended delivery date was February 4, 2007.

13.    Hume & Associates, Hume, and/or Cooper, acting as attorneys for Thirdstone and/or Merpati, drafted the B737-500 Lease.

14.    On December 18, 2006, Thirdstone and Merpati entered into a Lease of Aircraft for the B737-400 ("B737-400 Lease"). The delivery date for the aircraft was March 20, 2007.

15.    Hume & Associates, Hume and/or Cooper, acting as attorneys for Thirdstone and/or Merpati, drafted the B737-400 Lease.

16.    As a condition of leasing the B737-500 and the B737-400, Thirdstone required Merpati to deposit $500,000.00 for each aircraft as a security deposit, for a total security deposit of One Million Dollars ($1,000,000.00) ("Security Deposit").

17.    The Security Deposit was refundable in the event that Thirdstone failed to lease the aircraft to Merpati.

18.    On or about December 15, 2006, Hume & Associates, Hume, and Cooper agreed to receive and maintain the Security Deposit. Hume & Associates, Hume, and Cooper knew that the Security Deposit was to be used solely to secure the respective leases of the B737-500 and the B737-400 on behalf of Merpati and was to be distributed only to Bristol Aircraft upon instruction that the lease transactions had been completed.

-4-

19. On or about December 20, 2006, Merpati wired the Security Deposit from its account at Bank Mandiri in Indonesia to Hume & Associates' account, number ****0436 at PNC Bank in Washington, DC.

20. On December 20, 2006, Cooper certified that Hume & Associates received the Security Deposit from Merpati.

21. The extended delivery date of February 4, 2007 for the B737-500 passed and Thirdstone did not deliver the B737-500 to Merpati.

22. The delivery date of the March 20, 2007 for the B737-400 aircraft passed and Thirdstone did not deliver the B737-400.

23. The Lease Agreement for the B737-500 required the Security Deposit to be returned promptly to Merpati in the event that Thirdstone did not produce the B737-500 by the extended delivery date.

24. The Lease Agreement to lease the B737-400 required the Security Deposit to be returned promptly to Merpati in the event that Thirdstone did not produce the B737-400 by the extended delivery date.

25. Merpati has made repeated demands to Thirdstone, Messner, Hume & Associates, Hume, and Cooper for the return of the Security Deposit.

26. To date, Defendants have not returned any of the Security Deposit.

27. On information and belief, sometime after December 20, 2006, Cooper caused all or a portion of the Security Deposit to be deposited into Cooper's personal bank account maintained at PNC Bank.

28. On information and belief, Cooper caused all or a portion of the Security Deposit to

be paid to Hume.

29.    On information and belief, Cooper caused all or a portion of the Security Deposit to be paid to Messner.

## COUNT I
### (Breach of Contract)

30.    Merpati repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1-29 as if they were set forth herein.

31.    Defendants entered into an agreement with Merpati to accept and disburse the Security Deposit in accordance with the B737-500 Lease and the B737-400 Lease.

32.    Defendants breached the B737-500 Lease and the B737-400 Lease with Merpati by transferring and/or distributing the Security Deposit to parties other than Merpati.

33.    As a result of Defendants' breach, Merpati has been damaged in an amount no less than One Million Dollars ($1,000,000.00).

## COUNT II
### (Breach of Fiduciary Duty)

34.    Merpati repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-29 above as if they were set forth herein.

35.    Defendants each had a fiduciary duty to Merpati to hold the Security Deposit in trust according to the terms and conditions of their agreements with Merpati and with Thirdstone.

36.    In breach of said fiduciary duty, Defendants have misappropriated the Security Deposit and have failed and refused to return it to Merpati despite Merpati's

-6-

demands. As a result of this breach, Merpati has been damaged in an amount not less than One Million Dollars ($1,000,000.00).

## COUNT III
### (Negligence)

37. Merpati repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-29 above as if they were set forth herein.

38. Defendants owed a duty to Merpati to exercise reasonable care in the handling and disposition of the Security Deposit.

39. Defendants breached their duty of care by permitting or causing the Security Deposit to be disbursed or transferred to themselves and/or other parties other rather than to Merpati.

40. As a result of Defendants' negligence, Merpati has suffered damages in no less than One Million Dollars ($1,000,000.00).

## COUNT IV
### (Conversion)

41. Merpati repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-29 above, as if they were set forth herein.

42. On information and belief, sometime after December 20, 2006, Defendants caused all or a portion of the Security Deposit to be transferred from a bank account at Hume & Associates to Cooper's personal bank account.

43. The transfer of the Security Deposit from account number ****0436 to Cooper was without the knowledge or consent of Merpati.

-7-

44.  Sometime after December 20, 2006, Defendants caused a portion of the Security Deposit to be transferred to Messner.

45.  Sometime after December 20, 2006, Defendants caused a portion of the Security Deposit to be paid to Hume.

46.  Merpati has demanded that Defendants return the Security Deposit and they have refused to do so.

47.  Defendants have wrongfully and intentionally converted the Security Deposit for their own use or for their benefit with the intention of permanently depriving Merpati from those funds.

48.  On information and belief, to this date, Defendants continue to exercise dominion over the Security Deposit without Merpati's consent and are using Merpati's property as their own.

49.  The intentional conversion of the Security Deposit for their own purposes and refusal to refund the funds has deprived Merpati of its right to own and use its funds.

50.  Merpati has been damaged by the wrongful conversion in the amount of at least One Million Dollars ($1,000,000.00).

## COUNT V
### (Accounting)

51.  Merpati repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-29 above, as if they were set forth herein.

52.  Unless Merpati is able to determine the current whereabouts of the Security Deposit and any proceeds or products thereof, it will be denied effective relief because it is

-8-

unlikely that Defendants or the judgment debtors in Case No. 1:07-cv-00717 RJL will be able to satisfy any money judgment in favor of Merpati.

53.      Merpati is entitled to an accounting from all of the Defendants regarding the disposition or retention of any Security Deposit funds or the proceeds or products thereof by any of them.

## COUNT VI
### (Injunction)

54.      Merpati repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1-29 above, as if they were set forth herein.

55.      Unless Defendants are prevented from further transfer of the Security Deposit or its proceeds, the funds are likely to be transferred beyond the reach of any legal remedy available to Merpati and Merpati will suffer irreparable harm.

56.      Merpati is entitled to the issuance of an injunction against Defendants, requiring that they refrain from any transfer of any portion of the Security Deposit or any proceeds or products thereof, until further order of this Court.

WHEREFORE Plaintiff PT (Persero) Merpati Nusantara Airlines respectfully request that this Court grant it the following relief:

1.      Enter judgment in its favor and against Hume & Associates, Hume, and Cooper, jointly and severally, for compensatory damages in the amount of One Million Dollars ($1,000,000.00).

2.      Award it both pre-judgment and post-judgment interest as appropriate.

3.      Order Hume & Associates, Hume, and Cooper to provide an accounting of any

portion of the Security Deposit ever held by or now held by them as well as any transaction involving the Security Deposit or any portion thereof.

4.    Impose a constructive trust on any portion of the Security Deposit held by Hume & Associates, Hume, or Cooper.

5.    Enjoin Hume & Associates, Hume, and Cooper from any transfer or other disposition of any portion of the Security Deposit or the proceeds or product thereof; and,

6.    Grant it such other and further relief as this Court deems just and proper.

Respectfully Submitted,

PT (Persero) Merpati Nusantara Airlines
By Counsel

BEAN, KINNEY & KORMAN, P.C.

By:_____
James R. Schroll, Esquire (DC Bar No. 256099)
Juanita F. Ferguson, Esquire (DC Bar No. 471045)
2300 Wilson Boulevard, 7th Floor
Arlington, Virginia 22201
Phone: 703-525-4000
Facsimile: 703-525-2207

-10-

## BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC

ATTORNEYS AT LAW
7315 WISCONSIN AVENUE
SUITE 800 WEST
BETHESDA, MARYLAND 20814-3244
————
TELEPHONE: (301) 656-2707
FACSIMILE: (301) 961-6525

www.bregmanlaw.com

DOUGLAS M. BREGMAN (MD, DC)
LAURENCE H. BERBERT (MD, DC)
TIMOTHY P. SCHWARTZ (MD, DC, VA)
MARK A. GILDAY (MD, DC)
GEOFFREY T. HERVEY (MD, DC, VA)
KEVIN B. McPARLAND (MD, DC)
DANIEL P. RIGTERINK (MD, DC)
KAY B. SCHWARTZ (MD)
HEATHER LIBMAN KAFETZ (MD, DC)
DANIELLE T. ERKMANN (VA)
MARC W. BOLAND (MD, DC, VA)
EDWARD P. HENNEBERRY (MD, DC, IL)
KATHLEEN N. SLAWTA (MD, PA, NJ, TX)
CATHERINE B. HARRINGTON (MD, DC)
MARC B. BERGOFFEN (MD, DC, VA, FL)
WENDY D. PULLANO (MD, DC)
ALLISON D. RULE (MD, DC)
CHRISTOPHER B. BOWMAN (DC, VA)

VIRGINIA OFFICE
5529 LEE HIGHWAY
ARLINGTON, VIRGINIA 22207

————

EDWARD WEISS (DC)
OF COUNSEL

————

September 25, 2007

ghervey@bregmanlaw.com

**VIA E-MAIL ONLY**

Juanita F. Ferguson, Esquire
Bean, Kinney & Korman, PC
2300 Wilson Boulevard
7th Floor
Arlington, Virginia 22201

   Re: Merpati v. Thirdstone
     Jon Cooper

Dear Ms. Ferguson:

   I am writing with respect to the deposition of Jon Cooper, which, pursuant to your Subpoena, is scheduled for September 27, 2007. As I have advised you and Mr. Schroll and Mr. Keating on several occasions, Dr. Cooper is not available at that time because of his international business travel plans and because of his observance of the Jewish holidays. Dr. Cooper is in the midst of preparing to travel to Africa in the immediate future to complete environmental consulting work that he is conducting on behalf of the U.S. Government in Burkina Fasso as well as to pursue a complex business transaction in Lagos, Nigeria. His travels may also require him to be in London for a time. Appearing for a deposition before he returns would work an extreme hardship on Dr. Cooper. He will be made available upon his return and in accordance with discovery in your newly-filed lawsuit, as explained below.

   When I called you on Monday to discuss the fact that Dr. Cooper was not available, you asked me to do whatever I could to make him available, even for a few hours, because your client, Merpati, has demanded progress with respect to its efforts to collect on its judgment against Mr. Messner and Thirdstone Aircraft Leasing Group, Inc. It was my understanding that Dr. Cooper's inability to appear for a deposition in September would prompt Merpati to file suit against him. One of the matters that we have discussed on several occasions is the fact that

Juanita F. Ferguson, Esquire
September 25, 2007
Page 2

Merpati is desirous of suing Dr. Cooper. As you know, Dr. Cooper would prefer to avoid a suit, and one of the reasons that I met with you and Mr. Schroll on September 13 was to discuss a potential resolution and avoid a suit. Following my discussion with you on September 24, Dr. Cooper most reluctantly agreed to move critical appointments related to his travel plans in order to appear for a deposition for a short time on September 26, but that was with the intent of avoiding the immediate filing of a lawsuit, even though that worked hardships on Dr. Cooper.

    You informed me today, however, that Merpati instructed you to proceed to file a suit, that suit has already been filed, and that, furthermore, you do not believe that you can agree to delay service of process. Under these circumstances, Dr. Cooper believes that the hardship he has put himself through to appease Merpati and open a dialog for settlement has been for naught.

    I have repeatedly expressed Dr. Cooper's willingness to cooperate with you in the pursuit of your judgment against Mr. Messner and Thirdstone Aircraft Leasing Group, Inc. In that regard, as you know, I promptly contacted Mr. Keating after Dr. Cooper received your Subpoena. I also met with you and Mr. Schroll for approximately ninety minutes in your offices on September 13 to explain what information Dr. Cooper had and to assure you that Dr. Cooper intended to be as cooperative as possible, although I informed you at that time that Dr. Cooper was unavailable for many dates because of the Jewish holidays and that he otherwise had longstanding plans to travel overseas on business and would not be available until he returned.

    In addition, on September 21, in compliance with your Subpoena, I provided you with a large volume of responsive documents, bearing Bates stamp numbers 1 through 349.

    Dr. Cooper has been and will remain cooperative with Merpati and its counsel. But, he cannot be expected to jeopardize his business dealings, especially when Merpati is not willing to work with him on similarly cooperative terms.

    Dr. Cooper will be made available after he returns from overseas, which will be in mid-November. In addition, now that Merpati has filed suit, I will file a motion for protective order, if necessary, to prevent Merpati from deposing Dr. Cooper more than one time. Moreover, I note that you have sued other defendants in your lawsuit, and some of those defendants may also wish to depose Dr. Cooper. Under these circumstances, it is reasonable and fair for Dr. Cooper to appear only one time, in order to sit for a deposition in the new case as well as in response to the Subpoena issued in your collection action. Having Dr. Cooper appear at this time unfairly subjects him to multiple depositions with the cost and inconveniences that that would entail.

    Finally, as you know, I only represent Dr. Cooper. As I discussed with you and Mr. Schroll, and as I set forth in my recent e-mail, many of the document requests contained in your Subpoena are objectionable because they are directed to a judgment debtor. Since you do not have a judgment against Dr. Cooper, many of your itemized requests are not applicable.

Juanita F. Ferguson, Esquire
September 25, 2007
Page 3

Specifically, the documents requested in items 9 through 33 are not applicable to Dr. Cooper, and we object to them for that reason.

It is my sincere hope that you and I will continue to work together cordially and professionally, as we have to date, in this matter. I also hope that we can deal with the issues set forth in this letter informally by agreement of counsel and without the involvement of the Court. If you believe that the Court must be involved in these matters, however, please contact me immediately so that we can discuss what steps need to be taken. You may call me on my direct line at the office during working hours (301-961-6588), at home (703-534-5017), or on my cell phone (703-819-3761) for that purpose.

Sincerely yours,

BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC

By: _____
Geoffrey T. Hervey

cc:    Dr. Jon Cooper (by e-mail)