**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PT (PERSERO) MERPATI NUSANTARA AIRLINES,** : <br> : <br> **Plaintiff,** : <br> : <br> vs. : <br> : <br> **THIRDSTONE AIRCRAFT LEASING GROUP, INC.,** : <br> : <br> **Defendants.** : | : Civil No. 1:07-cv-00717 <br> : RJL |

**OPPOSITION OF NON-PARTY WITNESS, JON COOPER,
TO RENEWED MOTION TO COMPEL ATTENDANCE AT DEPOSITION**

Non-party witness, Jon C. Cooper, Ph.D. ("Dr. Cooper"), by and through undersigned counsel, hereby opposes the Renewed Motion to Compel Attendance at Deposition ("Motion to Compel") filed by the Plaintiff in this action, PT (Persero) Merpati Nusantara Airlines ("Merpati").

This is the second time that Merpati has refused to work out a convenient deposition date and instead demanded that the Court order Dr. Cooper to appear for a deposition at a time when he will be out of the country. Although Dr. Cooper (through counsel) has proposed dates in January for his deposition, Merpati has rejected those dates and insisted that Dr. Cooper make himself available sooner. At the same time, Merpati has not and cannot demonstrate how it will be prejudiced in any way by waiting until January to depose Dr. Cooper. Indeed, Merpati has now filed a new lawsuit against Dr. Cooper directly (Case 1:07-cv-01701) bringing claims against Dr. Cooper that are substantively the same as those at issue in the instant case, and Dr. Cooper has just filed

his Answer.  Merpati will have ample opportunity to depose Dr. Cooper in connection with this new case, and Dr. Cooper should not be subjected to the possibility of two depositions on the exact same subject matter.

Dr. Cooper's offer to be available for a deposition in January is entirely reasonable, and Merpati will not be prejudiced in any way by waiting until then to depose Dr. Cooper.  For these reasons, as explained more fully below, Merpati's Motion to Compel should be denied.

**I.     FACTS**

While Merpati has obtained a judgment against the defendants in the instant case, Thirdstone Aircraft Leasing Group, Inc. ("Thirdstone") and Thirdstone's CEO, Alan Messner ("Mr. Messner"), Dr. Cooper is not a party to this action, and Merpati does not have a judgment against Dr. Cooper.

In attempting to collect on its judgment, Merpati issued a Subpoena to Dr. Cooper for documents and to secure his attendance at a deposition.  Notably, Dr. Cooper and his counsel have actively cooperated with Merpati's counsel.  In that regard, undersigned counsel traveled to the offices of Merpati's counsel on September 13 and met with counsel for approximately 90 minutes.  At that time, as part of initial settlement discussions, counsel explained what he understood Dr. Cooper would say at a deposition.  Thereafter, on September 21, 2007, in response to Merpati's Subpoena, Dr. Cooper, through counsel, produced 349 organized and numbered pages of documents to Merpati's counsel.

Counsel for Dr. Cooper has informed Merpati's counsel on multiple occasions that Dr. Cooper is working on major projects that require him to travel to and spend

weeks at a time in Africa, making his immediate availability for a deposition problematic. Nevertheless, Merpati has continued to demand that Dr. Cooper appear immediately, even though it cannot demonstrate why Merpati will be prejudiced by any delay. When counsel for Dr. Cooper informed Merpati's counsel that Dr. Cooper would not be available until November, Merpati filed an Emergency Motion to Compel Deposition (on September 26, 2007), which Dr. Cooper opposed, and which the Court denied on September 29, 2007.

Merpati's counsel did not immediately thereafter contact Dr. Cooper's counsel to agree upon a deposition date. By the time that counsel was contacted in that regard on November 7, 2007, Dr. Cooper's international travel plans (all business related) had changed again. Counsel for Dr. Cooper informed Merapti's counsel at that time that Dr. Cooper's international travel plans have made scheduling a deposition before January extremely difficult, and counsel pledged to make Dr. Cooper available in January. Counsel also said that Merpati should agree upon a date certain in January so that Dr. Cooper could plan accordingly and guarantee his availability for such a date. Rather than agree upon a date certain in January, however, Merpati filed its Renewed Motion to Compel.

## II.    ARGUMENT

   A.    <u>Merpati's Motion to Compel must be denied for the following reasons</u>:

  1. <u>Dr. Cooper will appear for a deposition in January</u>. Dr. Cooper has never refused to appear for a deposition; he has merely said that appearing before he returns from travel will work undue hardship on him. Because counsel were working cooperatively on the

3

issue, a motion to quash would have been an unnecessary use of the Court's resources.[1] Dr. Cooper will appear for a deposition at any time after January 18, 2008.

2. <u>Dr. Cooper has produced documents</u>. Dr. Cooper has already complied with the Subpoena by producing documents (349 pages).

3. <u>Dr. Cooper now faces multiple depositions by Merpati</u>. Dr. Cooper has been named in a lawsuit that Merpati has filed directly against him, *Merpati v. Hume & Associates*, (Case 1:07-cv-01701), which arises out of the exact same subject matter and transactions involved in the instant case. Dr. Cooper therefore faces the likelihood being deposed by Merpati twice on the same subject matter. Even if Merpati agrees not to cover the same subject matter in two depositions, policing such an agreement will be difficult. Moreover, any such agreement would not apply to the other defendants that Merpati has named in the *Merpati v. Hume & Associates* action, who can be expected to cover the same subject matter Merpati covers, with the additional and unfair benefit of the transcript of the earlier deposition by Merpati.

4. <u>Unfairness</u>. Subjecting Dr. Cooper to multiple depositions is unnecessary and unfair, and it would require Dr. Cooper to expend additional attorney fees to prepare for and defend two depositions while unfairly giving Merpati two bites at the apple.

5. <u>No prejudice to Merpati</u>. Merpati has not demonstrated how it would be prejudiced by waiting to take Dr. Cooper's deposition. Dr. Cooper is not a judgment debtor in this case, and he is not subject to collection activities. Moreover, he not a flight risk; he is a member of a District of Columbia law firm, and he lives in the District of

---

[1] In addition, as noted, undersigned counsel worked cooperatively with Merpati's counsel regarding Dr. Cooper's availability. The fact that Dr. Cooper did not file a motion to quash is not grounds for compelling his immediate attendance. *See Jones v. Prince George's County, MD.*, 2002 U.S. Dist. Lexis 27321 (D.D.C. 2002) (non-party witness, acting in good faith, including through cooperation among counsel, did not waive Rule 45 objections).

4

Columbia.  He will return and testify at a deposition.  In addition, Dr. Cooper has produced documents responsive to the Subpoena, and his counsel has informally advised Merpati's counsel of what Dr. Cooper would say at a deposition.  Merpati has not explained why it must immediately have that same information under oath from Dr. Cooper in order to pursue the judgment against Thirdstone and Mr. Messner.

    6.  <u>Dr. Cooper will be prejudiced</u>.  Fed R. Civ. P. 45(c) provides, in part: "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty . . .."  As explained to counsel for Merpati, appearing for a deposition now, while Dr. Cooper will be traveling to and from Africa, would work a hardship on Dr. Cooper.  "The question is not whether the subpoenas were issued in 'good faith.'  Rather, the issue is whether issuance of the subpoenas violated the duty imposed by Rule 45(c)(1) . . ..  A subpoena may be issued in 'good faith' but still may be improper if the party serving the subpoena has failed to 'take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena.'"  *Liberty Mut. Ins. Co. v. Diamante*, 194 F.R.D. 20, 23 (D. Mass. 2000).

    Dr. Cooper cannot appear for a deposition now because of the numerous meetings that he must complete as part of the business transactions that will take him to Africa.  In addition, now that the *Merpati v. Hume & Associates* action has been filed, requiring Dr. Cooper to appear for a deposition in response to the Subpoena issued in this case and again during discovery in the new case will unfairly subject him to undue burden and expense.

7.  <u>Dr. Cooper has been cooperative</u>.  Dr. Cooper's counsel has worked cooperatively with Merpati's counsel, and intends to continue doing so.

B.  <u>The Motion to Compel Should be Denied.</u>

For these reasons, Dr. Cooper respectfully submits that the Motion to Compel is without merit and that it must be denied.  Merpati's request for attorney fees and expenses should also be denied, as neither Dr. Cooper nor his counsel has engaged in conduct that would warrant such an award.

C.  <u>Dr. Cooper Should Only be Required to Appear at One Deposition.</u>

Dr. Cooper should not be required to attend more than one deposition arising out of the Thirdstone/Merpati transaction, which is the subject of the instant lawsuit as well as the new *Merpati v. Hume & Associates* action filed against Dr. Cooper.  Instead, the Court should order that Dr. Cooper testify only one time, for both actions, which Dr. Cooper can do when he returns and when the new Merpati v. Hume case is underway.[2]

---

[2]  Should the Court be inclined to compel Dr. Cooper to appear for a deposition at this time and remain available for a deposition again during discovery of the new suit, Dr. Cooper requests that Merpati be prohibited from asking Dr. Cooper questions at a second deposition that cover the same subject matter covered during the first deposition.

**III.   CONCLUSION**

For all of these reasons, the Court should deny all of the relief requested in the Motion to Compel, and it should further order that Dr. Cooper need only appear for one deposition for use in both the instant case (pursuant to Merpati's Subpoena) and in discovery in the new *Merpati v. Hume & Associates* action.

        Respectfully submitted,

        BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC

By: _____
        Geoffrey T. Hervey, # 415907
        7315 Wisconsin Avenue, Suite 800 West
        Bethesda, Maryland 20814
        301-656-2707 phone
        301-961-6525 fax
        ghervey@bregmanlaw.com
        Counsel for Jon C. Cooper, Ph.D.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PT (PERSERO) MERPATI NUSANTARA AIRLINES, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| vs. | : Civil No. 1:07-cv-00717 <br> : RJL |
| THIRDSTONE AIRCRAFT LEASING GROUP, INC., | : <br> : <br> : |
| Defendants. | : |
| _____ | : |

**ORDER DENYING**
**<u>EMERGENCY MOTION TO COMPEL ATTENDANCE AT DEPOSITION</u>**

Upon consideration of the Renewed Motion to Compel Attendance at Deposition ("Motion to Compel") filed by the Plaintiff in this action, PT (Persero) Merpati Nusantara Airlines ("Merpati"), to compel the immediate attendance of Jon Cooper at a deposition, and the Opposition thereto, it is this _____ day of _____, 2007,

ORDERED, that the Motion to Compel should be and hereby is DENIED; and it is further

ORDERED, that Jon C. Cooper need only appear for one deposition for use both in responding to the Subpoena issued to him by Merpati in the instant case and in discovery in the new action filed by Merpati in this case, styled *PT (Persero) Merpati Nusantara Airlines v. Hume & Associates, P.C., Jon C. Cooper, and Robert Hume.*

_____
United States District Court Judge